IN THE SUPERIOR COURT OF GUAM

FILED
IOR COURT
GUAM

'13 OCT 21 PM 4: 5P

IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

IGNACIO ATTAO BENAVENTE;
RAMON SALAZAR DE LEON;
MARK ANTHONY TOVES

Defendants.

CRIMINAL CASE NO. CM0441-13
CRIMINAL CASE NO. CM0240-13
CRIMINAL CASE NO. CM0483-12

DECISION AND ORDER

The above-captioned cases are before the HONORABLE VERNON P. PEREZ. Attorney Howard G. Trapp represents each of the Defendants separately. Attorney Charles J. Kinnunan represents the People of Guam ("Government"). Having reviewed the pleadings, record and the arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

In each of the three above-captioned cases, Defendants were charged, among other things, with (1) Driving While Intoxicated ("DWI") (As a Misdemeanor) in violation of 16 GCA § 18102(a), and (2) DWI (Blood Alcohol Content or "BAC") (As a Misdemeanor), in violation of 16 GCA § 18102(b). Defendants, through counsel, subsequently filed objections to the Court's direction of the DWI presumptions as set forth in 9 GCA § 18103(a)(2).

## DISCUSSION

As used under Title 16 Chapter 18, The Safe Streets Act, and relevant to Defendants' Objections, 16 GCA § 18101 provides:

(a) Driving under the influence ("DUI") or while intoxicated means any person driving a vehicle under the influence of an alcoholic beverage or a controlled substance or a combination thereof, when as a result of consuming such alcoholic beverage or controlled substance or the combination thereof, his or her physical or mental abilities are impaired to such a degree that he or she no longer has the ability to drive a vehicle with the caution characteristics of a sober person of ordinary prudence, under the same or similar circumstance, and includes any person operating or in actual physical control of a motor vehicle who has eight one-

hundredths of one percent (0.08) or more, by weight, of alcohol in his or her blood.   16 GCA § 18101(a).

Under 16 GCA § 18102:

(a) It is unlawful for any person, while under the influence of an alcoholic beverage or any controlled substance, or under the combined influence of an alcoholic beverage and any controlled substance, to operate or be in physical control of a motor vehicle.

(b) It is unlawful for any person, while having eight-one hundredths of one percent (0.08%) or more, by weight, of alcohol in his or her blood to operate or be in physical control of a motor vehicle.

16 GCA § 18103 provides:

(a) Upon the trial of any criminal action, or preliminary proceeding in a criminal action, arising out of acts alleged to have been committed by any person while driving or being in actual physical control of a vehicle while under the influence of an alcoholic beverage in violation of subsections (b) or (d) of § 18102 of the Chapter, the amount of alcohol in the person's blood or breath shall give rise to the following presumptions affecting the burden of proof

(1) If there was at the time less than eight one-hundredths of one percent (0.08%) by weight of alcohol in the person's blood, that fact shall not give rise to any presumption that the presumption that the person was or was not under the influence of an alcoholic beverage, but the fact may be considered with other competent evidence in determining whether the person was under the influence of an alcoholic beverage at the time of the alleged offense.

(2) If there was at that time eight one-hundredths of one percent (0.08%) or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of an alcoholic beverage at the time of the alleged offense . . . .

16 GCA § 18103(a)(1)-(2).

Guam's DUI statutes are similar to California's DUI laws in that a defendant accused of driving under the influence can be charged under two separate sections. "The 'generic DUI' provision prohibits driving 'under the influence' of alcohol." *People v. McNeal*, 210 P.3d 420,

422 (2009)(citing Cal. Veh. Code § 23152(a))[1]. "The 'per se DUI' provision prohibits driving with a blood-alcohol level of 0.08 percent or more." *Id.*(citing Cal.Veh. Code § 23152(b))[2]. For purposes of this analysis and for ease of reference, the Court will refer to 16 GCA § 18102(a) as the "generic DUI" provision and 16 § 18102(b) the "per se DUI" provision.

Defendants, through counsel, first argue that the presumption set forth in 16 GCA § 18103(a)(2) is irrelevant and inapplicable to violations under the generic DUI provision. Defendants point out that this is so because the presumption set forth in 16 GCA § 18103(a)(2) references only violations under the per se DUI provision and subsection (d) of § 18102. In other words, § 18103 does not explicitly state that it is applicable to the generic DUI provision. The Government argues that the § 18103(a)(2) presumption is relevant especially when considering the relation between the "time-of-test" and the "time-of-offense." Under § 18103(a):

> . . . the amount of alcohol in the person's blood *at the time of test* as shown by analysis of that person's blood or breath shall give rise to the following presumptions affecting the burden of proof . . . (2) [i]f there was at that time eight one-hundredths of one percent (0.08) or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of an alcoholic beverage *at the time of the alleged offense*.

16 GCA § 18103(a)(2).

Essentially, the Government argues that the "at the time of the alleged offense" language makes the presumption applicable to the generic DUI provision. Furthermore, in California, the legislature made their very similarly-worded presumption applicable to violations under the generic provision.[3]

---

[1] "It is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle." Cal. Veh. Code §23152(a) (2013).
[2] "It is unlawful for any person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle." Cal. Veh. Code §23152(b) (2013).
[3] "(a) Upon the trial of any criminal action, or preliminary proceeding in a criminal action, arising out of acts alleged to have been committed by any person while driving a vehicle under the influence of an alcoholic beverage in violation of subsection **(a)** of Section 23152 or subdivision **(a)** of Section 23153, the amount of alcohol in the person's blood at the time of the test as shown by chemical analysis of that person's blood, breath, or urine shall give rise to the following presumptions affecting the burden of proof . . . ." Cal. Veh. Code § 23610.

The Court recognizes that although the language in both the Guam and California presumptions are very similar, the Guam Legislature was explicit in making the § 18103 presumptions applicable only to the per se DUI provision and subsection (d) of § 18102. On that basis, the Court will not attempt to deconstruct the statute contrary to what the Guam Legislature has explicitly provided.

Defendants next argue that the presumption set forth in § 18103(a)(2) is also irrelevant to violations of the per se DUI provision. Defendants argue that this is so because although § 18103(a) contains the language "while under the influence of an alcoholic beverage," which gives rise to a specific presumption, the language in the per se provision does not contain such language. The Government first argues that the presumption set forth in § 18103(a)(2) is relevant because it has a tendency to make the existence of any fact that is of consequence to the determination of the present action (in this case the blood alcohol content of the defendant at the time of the offense) more probable than it would be without the evidence. Gov't. Decl. pg. 4. The Government also argues that although the per se DUI provision does not contain the language "while under the influence of an alcoholic beverage," the Guam Legislature in § 18101(a) includes this language as an alternate means of establishing [DWI]. Gov't. Decl. pg. 5 Defendant contends that if this is true, then 16 GCA § 18102(b) is wholly superfluous. Def's. Resp. pg. 2. As previously mentioned, the Guam Legislature explicitly made the § 18103 presumptions applicable to the per se provision. On that basis, the Court will adhere to the statute, which renders the presumption applicable to the per se DUI provision.

Finally, the Court will address Defendants' argument that a breath [or blood] test conducted in accordance with subsection (b) of § 18103 cannot corroborate evidence of a violation under the generic DUI provision. In *People v. Kintaro*, 1999 Guam 15, the Guam Supreme Court found that "objective signs of being under the influence of alcohol" such as smelling of alcohol; difficulty maintaining balance; slurred speech; blood shot and watery eyes were "sufficient evidence to convict on the Driving Under the Influence charge pursuant [the generic DUI provision]." *People v. Kintaro*, 1999 Guam 15 ¶ 21. The court, however, did not go as far as to say that forensic evidence *could not* corroborate witness testimony. The

Government argues that under the generic DUI provision, the prosecution will present evidence from the arresting and other witnesses about the defendant's driving performance, demeanor, common indicators of alcohol intoxication, physical tests, etc., at the time of the offense, and that forensic test evidence of alcohol concentration will then corroborate the witnesses testimony. Gov't. Resp. to Def's. Objection pg. 4-5. Defendant cites to a report from the National Safety Council Committee on Alcohol and Other Drugs for this proposition.

In *People v. McNeal*, the Supreme Court of California upheld a conviction under the generic DUI provision. *People v. McNeal*, 210 P.3d 420 (1999). In that case, the Defendant blew a 0.10 on the breathalyzer. *Id.* at 423. The prosecution provided expert testimony that "a person is too impaired to operate a motor vehicle safely if he displays slurred speech and bloodshot, watery eyes, commits traffic infractions, performs poorly on field sobriety tests, and records a blood-alcohol level of 0.10 percent in a breath test." *Id.* at 423. The Court instructed the jury that "[i]f the evidence establishes beyond a reasonable doubt that at the time of the chemical analysis of the defendant's blood, breath, or urine there was .08 percent or more, you may, but you are not required to infer that the defendant was under the influence of alcohol at the time of the alleged offense." *Id.*

In the present case, the Court concludes that forensic evidence may be used to corroborate witness testimony under the generic DUI provision. However, the Court will not direct a presumption under § 18103 against the Defendant, as the plain language of the statutes makes the presumptions applicable only to violations under § 18102(b) and (d).

## CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** Defendant's objection regarding the applicability of the § 18103 presumptions to § 18102(a). Further, the Court **OVERRULES** Defendant's objection that § 18103(a)(2) is irrelevant to § 18102(b). Finally, the Court **OVERRULES** Defendant's objection to forensic evidence corroborating evidence of a violation under § 18102(a). A Criminal Trial Setting is set for November 25, 2013 at 9:00a.m..

So **ORDERED** this 31st day of October, 2013.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

OCT 3 1 2013

**Leonard F. Ventura**
Deputy Clerk, Superior Court og Guam